IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | 8:08CR263 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **BRIEF IN SUPPORT OF MOTION FOR** |
| | ) | **DEVIATION OR VARIANCE FROM** |
| **ANTONIO RIGOBERTO FRAUSTO,** | ) | **THE SENTENCING GUIDELINES** |
| | ) | |
| Defendant. | ) | |

Defendant respectfully submits the following Brief in Support of his Motion for Deviation or Variance from the Sentencing Guidelines.

## I. SENTENCING

The Supreme Court held in *United States v. Booker* that the mandatory nature of the sentencing guidelines system violated the Sixth Amendment of the United States Constitution. 543 U.S. 220, 226-27 (2005). To remedy this, the Supreme Court modified the federal sentencing statute to make the sentencing guidelines truly guidelines – advisory, but not binding on the sentencing court. *Id.* at 245. Subsequent litigation has affirmed the authority of the sentencing court to sentence within the range of choice dictated by the facts and applicable law of the case before it. *See Gall v. United States*, No. 06-7949, 128 S.Ct. 586, 602 (2007) (upholding a sentence outside the advisory guideline range as reasonable); *Kimbrough v. United States*, No. 06-6330, 128 S.Ct. 558, 570 (2007) (noting the sentencing courts may vary from the advisory guideline range based solely on policy considerations, including disagreement with the policy underlying the guidelines in a case); *Rita v. United States*, No. 06-5754, 127 S.Ct. 2456, 2465 (2007) (stating that a district court may consider arguments that "the Guidelines sentence

itself fails to properly reflect [18 U.S.C] § 3553(a), but are no longer bound by the sentencing range indicated by the applicable guideline in the case"). *Cunningham v. California,* No. 05-6551, 549 U.S. 270, 127 S.Ct 856, 867 (2007); *Booker*, 543 U.S. at 261.

The advisory guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. *Gall*, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing procedures by correctly calculating the applicable Guidelines range"). While district courts must "give respectful consideration to the Guidelines," they are permitted "to tailor the sentence in light of other statutory concerns as well." *Kimbrough*, 128 S.Ct. at 570 (quoting *Booker*, 543 U.S. at 245-46). "[T]he Guidelines are not the only consideration, [and] the district judge should consider all of the § 3553(a) factors" to fashion the appropriate sentence. *Gall*, 128 S.Ct. at 596. As required by the Sentencing Reform Act, the "overarching provision instruct[s] [the] district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including: 'to reflect the seriousness of the crime,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Kimbrough*, 128 S.Ct. at 570 (quoting U.S.C. § 3553(a)).

In determining the sentence that is "sufficient, but not greater than necessary," the statute further directs the sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range and any pertinent policy statement issued by the Sentencing Commission, the kinds of sentences available, the need to

2

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *accord Kimbrough*, 128 S.Ct. at 570. The sentencing court "may not presume that the Guidelines range is reasonable," but rather must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient, but not greater than necessary, in a given case. *Gall*, 128 S.Ct. at 597. While the rationale for a non-guideline sentence will necessarily be more detailed the further the deviation from the advisory guideline suggested by the Sentencing Commission, there is no legal requirement that "extraordinary circumstances" be a prerequisite to imposition of a non-guideline sentence. *Id*. The sentencing judge has a greater familiarity with an individual case than either the Sentencing Commission or the Court of Appeals, and is "therefore, 'in a superior position to find facts and judge their import under § 3553(a)' in each particular case." *Kimbrough*, 128 S.Ct. at 574 (quoting *Gall*, 128 S.Ct. at 597).

## II. FACTS

**A.    NATURE AND CIRCUMSTANCES OF THE OFFENSE**

**Nature of the Offense**

Count I of a single count Indictment, filed on July 14, 2008, in the District of Nebraska, charged that beginning from an unknown date but at least as early as April 3, 2006, and continuing through October 21, 2006, the Defendant did knowingly and intentionally conspire

with others to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.

On January 29, 2009, the Defendant appeared before Chief U.S. District Judge Joseph F. Bataillon for the reading of the jury verdict.

**Circumstances of the Offense**

Christina Dilley and Stephen Smith were arrested on October 20, 2006. Ms. Dilley told law enforcement officers that Antonio Frausto was involved in her narcotics dealings and began supplying her with narcotics after Sabino was taken into custody. Ms. Dilley pointed out a trailer in Council Bluffs, IA, and indicated that some of the dealings were done out of the trailer. Law enforcement officers executed a search warrant the next day and found Mr. Frausto in the trailer with four others. A handgun and narcotics were found in the trailer.

**B.   OFFENSE LEVEL**

The Defendant objects to the Total Offense Level of 38.

**Criminal History**

The Defendant objects to the Criminal History Category II.

**C.   PERSONAL HISTORY, CHARACTERISTICS AND PHYSICAL CONDITION**

The Defendant was born in Mexico, in 1988. His only criminal history prior to this offense includes a concealing identity charge in 2008 and a Re-entry of Removed Alien in 2008.

### III. ANALYSIS

The Defendant is asking that the court consider the nature and circumstances of the offense. He respectfully requests that the Court also consider his personal history and character. In pertinent part, 18 U.S.C. 3553(a) states as follows:

"(a) factors to be considered in imposing a sentence.-- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

  (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

  (A) the applicable category of offense committed by the applicable category of

        defendant as set forth in the guidelines-

        Issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

  (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 949(p) of title 28);

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

6

**A.     THE NEED FOR THE SENTENCE IMPOSED – TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE.**

The Defendant is well aware of the seriousness of his offense. However, the sentence imposed must be balanced between the seriousness of the offense and that which constitutes just punishment. A sentence that promotes rehabilitation over harsh punishment would not only promote respect for the law, but also prevent future crimes by giving the Defendant an opportunity to return to living a law-abiding life. A sentence that deviates from the guidelines still provides a significant punishment and serves as a deterrent to any future criminal behavior by the Defendant. Defendant's young age when he was involved with Sabino should be taken into consideration in determining how strict the sentence needs to be. He has minimal criminal history and had none prior to the alleged dates of the present offense.

In regards to the deterrence of a future criminal behavior, the Eastern District Court of Wisconsin stated in *United States v. Qualls, 373 F.Supp.2d 873, 877* (E.D. Wis. 2005), "Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend

A just punishment will recognize all of this. Thus, a sentence that promotes rehabilitation over punishment will promote respect for the law and provide just punishment for the crime.

B.  **THE NEED FOR THE SENTENCE IMPOSED TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT AND DETER FUTURE CRIMINAL BEHAVIOR**

A sentence that promotes rehabilitation over retribution would protect the public from future crimes by giving the Defendant an opportunity to return to a law-abiding life. A sentence that deviates from the guidelines would still provide a significant punishment and would serve as a deterrent to any future criminal behavior by the Defendant. Given the potential for Defendant to mature in prison, his threat to commit future crimes should be lessened. An inclement sentence in this case would not serve to protect the public and deter future crimes.

C.  **THE NEED TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.**

The punishment imposed by the court should provide the Defendant with correctional treatment in the most effective manner to rehabilitate him so that he can return to society as a productive person.

Educational and vocational training would help the Defendant achieve his goal of returning to society as a law-abiding person.

As to "other correctional treatments", a substance abuse program may be a great help and benefit for the Defendant.

8

**D.     SENTENCES AVAILABLE**

Before *Booker,* the guidelines prohibited a court's reliance on certain offender characteristics for downward departures. Courts were also prohibited from relying on other factors, except in extraordinary circumstances (mental, emotional and physical conditions, among others). Today, these limitations no longer restrict a court from imposing a sentence below the guideline range. Not only does 18 U.S.C. §3553(a)(1) require a court to "consider…the history and circumstances of the defendant, but 18 U.S.C. §3661 provides that "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Based on the arguments made in this Brief, the Defendant respectfully prays that the court grant a deviance/variation from the guidelines under 18 U.S.C. §3553(a).

**E.     THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT**

When compared to other defendants charged with similar crimes and with similar records, the Defendant seems somewhat different.

In light of all of the facts surrounding this case, a lesser sentence would be appropriate.

9

## IV. CONCLUSION

For the reasons stated above, Mr. Frausto respectfully prays that the Court vary from the advisory sentencing guideline range calculated by the Court based upon the factors set forth in 18 U.S.C. §3553(a).

                    Antonio Rigoberto Frausto, Defendant

                    By:  s/Jason E. Troia
                    JASON E. TROIA, #21793
                    Attorney for Defendant
                    Dornan, Lustgarten & Troia PC LLO
                    1403 Farnam Street, Suite 232
                    Omaha, Nebraska 68102
                    (402) 884-7044 (phone)
                    (402) 884-7045 (fax)
                    jet@dornanandlustgarten.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2009, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Robert Sigler, Assistant U.S. Attorney

and I hereby certify that I have emailed, with return receipt and read receipt requested, the document to the following non CM/ECF participants:

Christopher J. Niles
U.S. Probation Office

                    s/Jason E. Troia
                    JASON E. TROIA, #21793
                    Attorney for Defendant