IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
UNITED STATES OF AMERICA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

11 MAY -6 PM 1: 57

OFFICE OF THE CLERK

The United States of America,
     Plaintiff

vs

Antonio Rigberto Frausto Diaz,
     Defendant

CASE No.: 8:08-CR-263

[THE HONORABLE JOSEPH F. BALAILLON, CHIEF JUDGE]

### MOTION FOR PETITION UNDER WRIT OF HABEAS CORPUS WITH CONSIDERATION FOR SENTENCE VACATE, CORRECT, SET ASIDE THEREOF ALL IN ACCORDANCE WITH AND PURSUANT TO TITLE 28 U.S.C. § 2255 UNDER INEFFECTIVENESS OF COUNSEL

   NOW COMES, DEFENDANT, ANTONIO RIGBERTO FRAUSTO DIAZ, (Petitioner in Appeal) as represented in propria personam, sui juris, and a;cting on his own behalf and as his own legal counsel, hereby approaches this Honorable Court with compos mentis, of sound mind and with full faculty, and as placed with umberrima fidae, in good faith and with proper intention, for consideration of sentence vacate, correction, or having set aside with relief as prescribed under Title 28 U.S.C. § Section 2255 with support of memorandum of law and identification of breach of standards and practices on behalf of representative counsel to which clear evidence is substantiated for repeal under definition of INEFFECTIVE ASSISTANCE OF COUNSEL, all leading to lost opportunity for justice and subsequently resulting in cause and prejudice therein. Further substantiation shall support procedural default through actual prejudice and material miscarriage of justice resulting in alleged error and proving that counsel for the Defense acted professionally and constitutionally ineffective leading to a failure to render adequate assistance and thus resulting in flawed and prejudiced interpretation of critical prosecutorial evidence or lack thereof. An accompanying memorandum of law in support of this motion shall be included contemporaneously herewith. Defendant shall provide this Honorable Court the following Findings of Fact for review and consideration thereof.

AS FILED UNDER MOTION FOR SENTENCE RELIEF
PURSUANT TO TITLE 28 U.S.C. § SECTION 2255 IN HABEAS CORPUS

The United States of America, Plaintiff

vs                                              CASE No.:  8:08-CR-263

Antonio Rigberto Frausto Diaz, Defendant


        This filing for Petition in Habeas Corpus on behalf of Antonio Rigberto Frausto Diaz,
all pertains to his criminal proceding under final order in Federal Criminal Case 8:08-CR-263.


        Nowthen;  Defendant was charged in Violation of 21 U.S.C. §§ Section(s) 846,

841(a)(1) and 841(b)(1) for conspiracy to distribute Five Hundred (500) grams or more of

Methamphetamine Mixture to which Defendant pursued relief and due process through trial by

jury.  Upon conviction, the jury at trial found Defendant guilty on said counts and sentenced

him through the District Court to a total base level of Thirty Eight (38) points with an

assigned criminal history under Catagory II thus establishing a total guideline range of

262 to 327 months in prison to which the District Court sentenced Defendant to 240 months

under the bondage of incarceration with the Federal Bureau of Prisons.


        Whereas; It is the position of this Defendant that the hearing and District Court

was prejudiced and that procedural and consititutional misrepresentations resulted through

the ineffective assistance of the Counsel for the Defense thus rendering a miscarriage of

justice and procedural default and necessitating the need to vacate, set aside, or correct

the standing sentence of the District Court therein.

## STANDARD OF REVIEW

MAY IT BE GRANTED CONSIDERATION BY THIS HONORABLE COURT THAT;

The Sixth Amendment shall
guarantee the right to effective assistance of counsel in every stage of the proceeding in a
criminal matter and debatably and assuradly establish that upon the Defendant's substandard
representation by counsel that such sentence be vacated, set aside, or corrected as prescribed;

"...The adversary system requires defense counsel's presence and gealous professional
advocacy just as it requires the presence and gealous advocacy of the prosecutor and the constant
nuetrality of the judge ... and that counsel for the defense shall not be viewed as impeding the
administration of justice simply because he or she challenges the prosecution, but as an indispensible
part of its fulfillment."

"...included in defense counsel's obligations to the client is the responsibility of
furthering the defendant's interest to the fullest extent that the law and the standards of
professional conduct permit."

"...that advocacy is not for the timid, the meek, or the retiring. That our system of
justice is inherently contentious, albeit, bounded by the rules of professional ethics and decorum,
and it demands that the lawer be inclined toward vigorous advocacy nor can a lawyer be half-hearted
in the application of his or her energies to a case.  If a case has been undertaken, a lawyer is
obliged not to omit any essential honorable step in the defense, without regard to compensation or
the nature of the appointment..."

————American Bar Association Standards for Criminal Justice, Defense

QUESTIONS FOR CONSIDERATION:

In performance of standards of professional conduct and with consideration for ineffective assistance of counsel when such performance prove to be substandard or where such standards are compared to the Two Prong conditions set forth under Strickland_vs_Washington; First, the Defendant must show that counsel's representation fell below an objective standard of reasonableness, and Second, Defendant must show that there is a reasonable probability that but for counsel's unprofessional errors and deficiencies, the result of the proceeding would have been different. Strickland_vs_Washington,466_U.S._at_668 may be clearly applied in this case. The two prongs of the Strickland test are commonly referred to as the performance prong and the prejudice prong. Fields_vs_Attorney_General_of_Maryland,_956_F2nd_1290_(4th_Cir_1992). Unless the defendant carries the burden of persuasion with regard to the prejudice prong, a reviewing court need nto review the performance prong. Fields_at_1290,_1297.

In this case, a reasonable probability is a probability sufficient to unddermine confidence in the outcome. When the record is reviewed in toto, there is certainly a reasonable probability that the result of the proceeding would have been different. That reasonable probability is created based upon counsel's failure to properly guide and advise his client through Plea and Hearing. The prejudice prong of Strickland is therefore satisfied in this case.

Having established the reasonable probability that the outcome would have been different, but for the failings of the Defendant's counsel, this court should review the performance prong of Strickland for application. There is a strong presumption that counsel was within the wide range of reasonable professional assistance. Matthews_vs_Evatt,_105_F3d_907_(4th_Cir). That presumption is easily overcome in this case. The Defendant's counsel failed to properly advise and guide his client with regard to acceptance or denial of a Plea Agreement and further failed to meet a standard of professional care in his representation before the bench.

In this case, had counsel for the Defendant conducted a reasonable investigation of law and facts as relevant and verified, his strategic decisions stand as "virtually unchallengable." In this particular case however, it cannot reasonably be deduced that counsel's effectiveness resulted from merely strategic error. The error in this case shows counsel failed to properly inform and advise, as well as effectively strategize a sound and fundamental defense.

FOUNDATION AND STATUTE

In 1984, The Supreme Court rendered two decisions that have provided guidance on the authority of effective assistance of counsel and the benchmark for judging any such claim of ineffectiveness must be based on whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.

The same principle applies to a criminal proceeding such as the one described as part of the above-captioned criminal case under appeal of habeas corpus within this motion for petition. That such consideration must be extended to determine the sufficiency of counsel and the existence of standards for the decision that counsel's role contributed in the proceeding to that of what may be reasonably anticipated.   Strickland vs Washington 466 U.S. 668, 687-688.

When the convicted defendant's claim states that counsel's assistance was so defective as to require reversal of the conviction or an adjudication for correction or the process of setting aside, the defendant must first show that counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive the defendant a fair and just trial.

In United States vs Cronic, 466, U.S. 648 (1984), the court held that; "The court of appeals erred in utilizing an iferential approach in determining whether respondent's right to the effective assistance of counsel had been violated."

(A) The right to the effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing.   When a true adversarial criminal trail has been conducted, the kind of testing envisioned by the Sixth Amendment has occured.

"An accused's right to be represented by counsel is a findamental component of our criminal justice system.  Attorneys in criminal cases are necessities, not luxuries."

THEREFORE;

AS STATED:

"That government hires attorneys to presecute and defendants who have the money

hire attorneys to defend shall be an indication that the strongest indications of the widespread

belief that attorneys in criminal courts are necessities, not luxuries. The right of one charged

with a crime to counsel may not be deemed fundamental and essential to fair trials in some countries,

but in the United States it shall be. From the very beginning, our state and national constitutions

and our laws have laid great emphasis on procedural and substantitive safeguards designed to assure

fair trials before impartial tribunals in which every defendant stands equal before the law."

Gideon vs Wainwright, 372 U.S. 335, 344 (1963).

Their presence is essential because they are the means through which the other rights

of the person on trial are secured. Without counsel, the right to a trial itself would be "of

little or no avail," as this court has recognized repeatedly.

"The time has not eroded the force of justice Sutherland's opinion for the court in

Powell vs Alabama, 287 U.S. 45 (1932): The right to be heard would be, in many cases, of little

avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated

layman has small and sometimes no skill in the science of law. If charged with crime, he is

incapable, generally, of determining for himself whether the indictment is good or bad. He is

unfamiliar with the rules of evidence. Left without the aid of counsel, he may be put on trial

without a proper charge, and he may be convicted upon incompetent evidence irrelevant to the

issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare

his defense, even though he may have a perfected on. He requires the guiding hand of counsel

at every step in the proceedings against him. Without it, though he be not guilty, he faces

danger of conviction because he does not know to establish his innocence. If that be true of

men of intelligence, how much more true is it of the ignorant and illiterate, or those of

feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily

to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not

be doubted that such a refusal would be a denial of a hearing, and therefore, of due process in

the constitutional sense." [Id at 68-]

FINDINGS OF FACT

LET ALL MEN KNOW BY THESE PRESENTS THAT;

I, Antonio Rigberto Frausto Diaz, Defendant in Case,
and as represented in propria personam, sui juris, and acting on my own behalf and as my own
legal representative, hereby files this Motion for Petition of the Court of Appeal through
Habeas Corpus under Federal Rule of Law and as presecribed and set forth through Title 28 U.S.C.
Section § 2255 to Vacate, Correct, or otherwise Set Aside the previous sentence associated with
the above-captioned criminal case and in request for the court's consideration in its official
determination of the existence of INEFFECTIVE ASSISTANCE OF COUNSEL, thus resulting in cause
and prejudice and material miscarriage of justice upon the following;

1.  Defendant avers that he is a flesh and blood adult male currently held under the
bondage of incarceration with the Federal Bureau of Prisons and residing at Federal Correctional
Institution Elkton in Lisbon, Ohio with a projected release date as defined under term as
approximately Two Hundred and Forty (240) months less earned good time from date of sentence.

2.  Defendant avers that this Honorable Court maintains sufficient coram judice
including personal and subject matter jurisdiction as defined and subsequent to Title 18
U.S.C. Section § 3731 and further provides that venue is true and correct to establish proper
filing and jurisdictional significance by divesting all other courts of their control.

3.  Defendant avers that he has placed Service of Process upon the office of the
United States Attorney for the District of Nebraska and that such process shall be disclosed
under Certificate of Service as timely and verified.

4.   Defendant avers that he was not afforded effective assistance of counsel and was subject to violation of his Sixth Amendment Rights to such effectiveness with regard to standards of professionalism, knowledge of the law, conveyance in the best interest of the Defendant, and adherance to issues of constitutionllity in the avoidance of cause and prejudice.

5.   Counsel did not effectively communicate with Defendant in a way that would procedurally guide and direct Defendant to make an informed decision surrounding acceptance of a plea prior to moving for hearing, nor did counsel advise on the technicalities and probabilities of a trial, nor emphasis on proper and important evidentiary documentation as it may affect the outcome of the sentence and commitment.

6.   Counsel for the Defendant fell below an robjective standard of reasonableness and his deficiencies in performance prejudiced the defense as further defined herein and in accordance with the standards set forth under Strickland vs Washington 466 U.S. 668, 687-88.

7.   That such cause and prejudice, it shall be established provides for a foundation that counsel for the Defense "caused procedural default" and further, "showed actual prejudice resulting in alleged error and foregone interpretation of evidentiary documentation.

8.   Counsel for the Defendant gave a performance below a level of reasonableness and acted outside of a wide range of professional competence thus failing to render adequate assistance and failing to make all reasonable decisions in the best interest of the Defendant.

9.   Defendant affirms that under Title 28 U.S.C. § 2255, statute clearly states in relevant part; "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to such relief, the court shall coause notice to be served upon the United States Attorney, grant prompt hearing therein, and determine the issues and findings of fact and conclusion of law with respect thereto."

10. Defendant avers that his attorney never reviewed nor explained the Plea Agreement to him despite the fact that Defendant had a significant language barier and the fact that he made multiple attempts to request assistance in explaination but received no such assistance. All then resulting in Defendant not fully understanding his Plea options prior to trial nor comprehending the specific pramaters and subsequent terms and conditions as set forth.

11. Defendant, upon his realization that counsel was failing to advise or appropriately and effectively represent him, and following multiple pleas for assistance, shall prove that said counsel represented with deliberate indifference and caused prejudice upon the sentencing and hearing proceedings.

12. Defendant avers that his Counsel throughout the trial failed to object to or challenge the fact that he was arrested from within the confines of a residence "trailor" that was not his residence nor was he affiliated legally or otherwise to the property through rent, lease, or occupation and that the property and all evidence within that property belonged to the owner or renter of the property and no such evidence was in any way directly linked to Defendant yet Counsel for the Defense failed to raise any objection, challenge the validity of the evidence, or move to supress.

13. Defendant avers that Counsel failed to challenge or object to the credibility of the witness (Dilley) or move to strike her testimony based upon the fact that this witness testified under a cooperation for relief 5k1.1 arrangement, previously lied and changed her testimony twice previously, could not substantiate any connection of evidence to Defendant, and maintained no credibility as an accomplice to the actual narcotics distribution that was uncovered at the residence and involved friends and associates of Dilley.

14. In a previous investigation in 2006, Defendant avers that authorities released him back to his home country and failed to disclose that they maintained an active warrant on him all to which Defendant was unaware existed only to be utilized against him in 2008 regardless of any complicity or involvement in any criminal activity in 2008 yet counsel failed to object to warrant.

15. Defendant avers that his Counsel misrepresented him prior to trial by stating that "the government has NO EVIDENCE against the Defendant" and not to worry but simply to proceed to trial and he will assuradely have the entire case "THROWN OUT."

16. Defendant avers that Counsel failed to object to unsubstantiated evidence that was presented during his hearing including a Cell Phone with no identification nor phone numbers attached that were associated with Defendant, a Weapon which was not owned by Defendant nor on the Defendant's possession and had no fingerprints linking the weapon to Defendant after it was found in a house where Defendant was visiting to watch a football game.

17. Defendant avers that his lawyer advised him against consideration of filing an ineffectiveness of Counsel motion under 2255 because he was concerned that the many mistakes and misrepresentations that he endured throughout the trial could result in sanctions against him, thus he agressively disuaded and discouraged Defendant from filing this motion.

18. Defendant avers that his attorney failed him in any reasonable standard of professional representation by not objecting to nor addressing unsubstantiated evidence, non-credible and deceptive testimony, no legal or direct tie to residence or property or location of evidence, no affiliation with or link to another owner's weapon, no rebuttle to the government's case, no challenge of narcotic quantity, no validation of Defendant's pending warrant even though Defendant was released without indictment in 2006, mininal advice and guidance, no opportunity for Defendant to review Discovery, no ability to effectively communicate with Defendant, and then outright concern over possible sanctions for his addmittingly many misrepresentations and errors.

ADDITIONAL AREAS OF INEFFECTIVENESS:

Attorney for the Defense failed to properly investigate the case and facts therein.

Attorney for the Defense did not provide any discovery for client to review.

Attorney for the Defense did not explain nor advise on direction toward Plea.

Attorney for the Defense failed to consider exculpatory evidence demonstrating innocence.

Attorney for the Defense did not invest adequate time or resources to the defense.

Attorney for the Defense ignored the existence of employment logs and alibis.

Attorney for the Defense failed to introduce evidentiary documentation available.

Attorney for the Defense failed to properly analyze testimony and object accordingly.

Attorney for the Defense failed to challenge inconsistencies and contradictions.

Attorney for the Defense failed to challenge or clarify probational misinformation.

Attorney for the Defense introduced incriminating information without authority.

Attorney for the Defense failed to file any pretrial motions baring admissibility.

Attorney for the Defense failed to file a sentencing memorandum or argue therein.

Attorney for the Defense failed to address unwarranted enhancements and levels.

Attorney for the Defense failed to challenge quantities, ratios, against found evidence.

Attorney for the Defense failed to establish and prove any lack of ties to co-conspirators.

Attorney for the Defense failed to properly advise Defendant of proposed evidence against him.

Attorney for the Defense deprived the Defendant of his fundamental rights.

Attorney for the Defense caused Defendant to be devoid of informed and sound decisions.

Attorney for the Defense caused the Defendant to serve a federal sentence beyond reason.

Attorney for the Defense prejudiced the court through ineffective assistance and error.

ADDITIONAL FACTORS;

Under criminal law as it may relate to the proceeding at hand, 273.1(4): When a drug quantity exposes a defendant to a higher statutory maximum sentence than he would otherwise face as may be the case described herein, drug quantity is a critical element of the charged offense of which the defendant must be adequately informed before a quality plea is considered or denied. As prescribed under Federal Rules of Criminal Procedure, Rule 11, Title 18 U.S.C. and with special consideration for issues set forth under; Booker 125, Sct 738 (2005) WL 50108, and previously as set forth under Blakely vs Washington 124 SCT 2531 (2004), all the evidence with respect to the quantity of drugs under evidence shall be determined, beyond a reasonable doubt, and with such quantity as verifiable and quantifiable, such evidence must be brought before the court.

As such, on June 24, 2004, the United States Supreme Court struck down the sentencing scheme of the State of Washington in Blakely vs Washington, 2004. And such Washington sentencing scheme resembled the federal guidelines in that same offense and as such, assigned a base level with factual enhancements to be determined by the sentencing court applying the preponderance of evidence under proof of standard that the defendant in Blakley had he agreed upon such sentencing range.

In the case of the Defendant to this proceeding and Motion for Sentence Relief under 2255, it should be given every consideration that the discredit of said testimony, the impeachment of said witnesses, the objection of said quantities, the strike of certain interrogatories, the denial of certain probationary findings, and the validation of certain evidentiary documentation as to alibi, timing, unsubstantiation and improbability each falls under the standard of care as set forth by legal counsel when effective both procedurally and constitutionaly. To wit, counsel for the defense, through ineffective representation brought prejudice upon the court.

Since the Supreme Court held that "other than the prior convicition, any fact that increases the penalty for an offense, to more than the statutory maximum must be presented to a jury and found by proof beyond a reasonable doubt. Id at 4, However, in a dramatic shift, the . judge may impose [...solely on the facts reflected in the jury] verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts."

In a clear and meaningful interpretation of Blakely and as well, Booker, the court must make sure that all the elements to support the enhancement(s) had to be proved beyond a reasonable doubt.

In United_States_vs._Shanpley,_2005_WL_357449_2nd_Cir._2005 to wit: ..."For the Defendant to endure enhancement, the court must prove beyond a reasonable doubt as prescribed in Booker and Blakely that the law must be upheld in all instances and on behalf of the Defendant in proceeding."

The commentary to 6A1.3 states that; "The commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concern in the facts of a case." The court holding today must adhere to the foundation set forth under the Fifth Amendment to which requirement must be extended in proof beyond a reasonable doubt, not by the preponderance of the evidence, of any fact that increases the sentence beyond what could have lawfully imposed on the basis of facts found by the jury or admitted by the Defendant.

Indeed, in the aftermath of Booker and with the various circuit decisions such as United_States_vs_Crosby,_Docket_No.03=1675,_397_F3d_103_(2005), the circuit requires and directs the district court to consider the guidelines in sentencing the defendant, as well as all the other factors contained in 18 U.S.C. § Section 3553(a). The court in Crosby goes so far as to say that it would be error if the court mandatorily applied the guidelines range as sole basis for a sentencing provision in light of the fact that it would be a sentence based upon a nonexistent statatory provision. A sentencing judge is now able to and entitled to find all the facts that the sentence in footnote number 9 of Crosby outlines; The court states that a non-guideline sentence is to distinguish it from a term of departure thus, the court of the Defendant and the government herein would provide for litigation of departures and it then must decide whether a non-guideline sentence is appropriate for the Defendant based upon the various other factors of which are no longer manditorily prohibited.

WITH CONSIDERATION;

The special value of the right to the assistance of counsel explains why "[I]t has longbeen recognized that the right to counsel is the right to the effective assistance of counsel." McMann vs Richardson, 397 U.S. 759, 771, N.14 (1970).

The text of the Sixth Amendment itself suggests as much. The amendment requires not merely the provision of counsel to the accused, but "assistance," which is to be "for his defense." Thus, "The core purpose of the counsel guarantee was "assistance" at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." United States vs Ash, 413 U.S. 300, 309 (1973).

If no actual "assistance" for the accused's defense is provided, then the constitutional guarantee has been violated.

"The Sixth Amendment, however, guarantees more than the appointment of competent counsel. By its terms, one has a right to "assistance of counsel for his defense." Assistance begins with the appointment of counsel, it does not end there. In some cases the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided. Clearly, in such cases, the defendant's Sixth Amendment right to have assistance of counsel is denied. United States vs Decoster 199 U.S. App DC 359-382, 624 F2d, Cert. Denied, 444 U.S. 944 (1979).

To hold otherwise "could convert the appointment of counsel into a sham and nothing more than a formal compliance with the constitution's requirement that an accused be given the assistance of counsel. the constitution guarantees that assistance fo counsel cannot be satisfied by mere formal appointment." Avery vs Alabama 308 U.S. 444, 446 (1940).

In the case of the above-captioned defendent of this Motion under appeal for habeas corpus, consideration must be extended as to Defendant's violation of his Sixth Amendment right as issues of concern for appeal under ineffective assistance of counsel have been met in each and every condition as to misrepresentation of a reasonable and just defense to which such outcome shall have resulted in a clear and obvious prejudice of the proceedings and subsequent sentence.

FACTORS OF DETERMINATION:

        In light of the fact that <u>Crosby</u> now requires judges at sentencing to;
1. calculate an applicable guideline range, 2. make traditional departure determinations under
the guideline range, 3. decide whether to follow or vary from the now advisory guidelines based
upon the factors set forth, it is appropriate for the Defendant to present such factors and
outline such deficiencies as to counsel's effectiveness in prejudicing the final outcome of
the sentence. Such factors include the nature and circumstances of the offense and the conveyance
of testimony supporting those facts, the credibility of such evidence, when produces with validation,
and of course, the seriousness of the offense all to afford adequate deterrence to criminal
conduct and to protect the public from further crimes of the Defendant and to provide the
Defendant with needed educational treatment in the most effective manner, the need to avoid
unwarranted sentencing disparities, and to provide restitution to the victims. When cases of
ineffective assistance prejudice such determinations, sentences imposed are often inappropriate.

        The district court may now consider those mitigating factors that the advisory
guidelines prohibit, ie: poverty, racial discrimination, humility, drug abuse, addiction, dis-
functional family life, lack of guidance, or the overall history and community service of the
Defendant as set forth under <u>United States vs Ranum, 2005 WL 161223 ed. Wisc January 19.</u>

        In the case of Defendant for the above-captioned criminal proceeding, consideration
must be extended to the Defendant's history and record and the fact that counsel's inability to
convey such standing to the court further prejudiced findings. Such ineffective assistance of
counsel denied Defendant of his fundamental rights wherefore, premises considered, this Motion
prays that the court finds that there has been a denial or infringement of the Petitioner's
fundamental rights egregious enough to warrant relief and vacate, set aside, or correct sentence.

CAUSE AND EFFECT OF INEFFECTIVE COMMUNICATION:

The failure of Counsel for the Defense to properly guide and advise on the particulars of the Plea Agreement with assurance of full and complete understanding shall set the stage for ineffective assistance of such counsel. The failure to be advised on the agreement shall flaw the proceedings for several reasons; First, full disclosure and understanding are essential for the court's determination whether to accept a plea of guilty; it is particularly needed for the judge to make "...the constitutionally required determination that a defendant's guilty plea be truly voluntary." McCarthy_vs_United_States,_394_U.S._459,_465,_89_S.Ct._1166,_1170_22_Led.2d_418. The courts have been cautioned by the Supreme Court even before the adoption of the strict amendments involved here that; "...signature is intended to produce a complete record at the time the plea is entered or considered as factors relevant shall stand on voluntariness determination."

As stated in Roberts_at_1007, "...there is no standard short of requiring total disclosure [understanding] of all material details of the plea agreement that can reliably guarantee that guilty pleas are knowing and voluntary and fully_understood by the parties themselves."

Also, a full disclosure of all understanding is also essential for the court's determination of the type of agreement [or representation in understanding that agreement] so that required advice may be given to the defendant before the plea is either entered or denied. Again, such action or inaction on behalf of counsel for the defense meets exactly the conditions set forth in the two prong test surrounding effective assistance in Strickland_vs_Washington_466_U.S.

Had counsel for the defense more properly and effectively advised on the merits of the Plea Agreement or challenged such inconsistencies throughout the evidentiary review, the petitioners (Defendants) sentence would have been significantly reduced or eliminated all together.

As such, ineffective assistance of counsel may thus render a plea agreement worthy or toxic based upon a thorough review and evaluation following legal consultation with the client. Anything shy of such standard shall meet the criteria for proper interpretation of ineffective assistance of counsel. Hill_vs_Lockhart,_474_U.S._52,_57,_106_S.Ct._366,_88,_L.Ed._2nd._203_(1985).

SUBSTANTIATION FOR INEFFECTIVENESS AND MISSED OPPORTUNITY:

It shall be determined under the guise of ineffective assistance of counsel that;
"...a guilty plea is open to attack on the ground that counsel did not provide the defendant with
'reasonable competent advise' or the missed opportunity to accept such a plea as equally important.
Cuyler vs Sullivan, 446, U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L. Ed.2nd 333 (1980).

Reasonable competence in advisement shall stand as critical in determining effectiveness,
particularly in cases where the client is lead astray, or left without a full and complete understanding
and comprehension of the proposed plea opportunity as was the case in an ineffective counsel for defense.
McMann vs Richardson, 397 U.S. 759, 770, 90 S.Ct. 366, 370-371 and Hill vs Lockhart, 474, U.S. 52, S.Ct.

The habeas petitioner establishes ineffective assistance of counsel by demonstrating
that counsel's advice and performance fell below an objective standard of reasonableness, based
upon which he either pled guilty or failed to accept a plea due to misinformation or misunderstanding.
For the Defendant to make an informed choice and one that is constitutionally knowing and voluntary,
Counsel must be familiar with the facts of law and advise accordingly as to various options. In
the case at hand, counsel for the Defendant failed at meeting such standards. As such, a plea that
is understood by the defendant may then be evaluated for beyond mere formality as signing such
shall consist of a "grave and solemn act." United States vs Arteca, 411 F3d 315, 319 (2nd Cir 2005).

Since the plea agreement in this particular case would have required that certain
rights be waived, acceptance must be executed voluntarily, knowingly, and intellectually, and
with sufficient awareness of the relevant circumstances and likely consequences; a condition or
condition(s) not afforded the Defendant in this case as a result of counsel's failure to advise.
Bradwhaw vs Stumpf, 545 U.S. 175, 125 S.Ct. 2398, 2405, 162 L.Ed. 2nd 143 (2005).

As such, acceptance of the Plea or denial to move to hearing shall be based upon
the effective and sound direction of counsel and shall be an "...intelligent choice among the
alternative courses of action open to the defendant." North Carolina vs Alford, 400 U.S. 25, S.Ct. 160.

EMBODIMENT OF THE TRUTH AND COMPREHENSION OF LAW;

The court has long recognized that the right to counsel "embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when broght before a tribunal with power to take his life or his liberty." Johnson_vs_Zerbst, 304, U.S. 458, 462=463, 58 S.CT. 1019 1022, 82 L.Ed 2nd 1461.

In this case, the petitioner required the "guiding hand of counsel at every step in the proceedings agains him." Powell_vs_Alabama, 287 U.S. 45, 68=69 52 S.Ct. L. Ed 158 (1932). The Supreme Court stated in Argersiger_vs_Hamlin, 407 U.S. 25, 92 S.Ct. 2006 that; "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairy by the prosecution.

Within the Fifth Circuit, which is not binding on this case yet one which speaks volumes to the matter of effectiveness states; "Reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial, but counsel still must render competent service...it is the attorney's duty to ascertain if the plea is entered voluntarily [or if the client fully comprehends the particulars to enter it voluntarily], thus, he must actually and substantially assist his client in deciding whether to plead guilty, accept the Plea or deny the plea based upon facts and circumstances, and provide the accused with an understanding of the law in relation to the facts. Such advice needs not be perfect but it must be reasonably competent and should permit the accused to make an informed and conscious choice," neither of which condition was met in this particular case. Herring_vs_Estelle, 491 F2nd 125, 128.

In this case, it is clear that the Petitioner (Defendant) has satisfied both prongs of the Strickland requirement and analysis. The integrity of the decision to accept or deny the Plea was tainted by the incompetent assistance of counsel in that; "[W]hen the system of competent counsel advising a defendant about a plea of guilt functions satisfactorily, it is both fair and reasonable to expect that defendant who has made his choice and received whatever benefits flow therefrom be required to live by that choice. In any particular case in which the system fails, however, it is the court's duty to supply relief." Colson_vs_Smith, 438 F2nd 1075, 1079 (5th Cir.).

COUNSEL DENIED PETITIONER OF HIS FREE WILL:

In the case at hand, Petitioner (Defendant) was not given the opportunity to make an informed and rational decision to accept or deny the plea based upon a lack of understanding and counsel's failure to advise;  It thus becomes axiomatic that to be voluntarily and understandingly in agreement with counsel and counsel's advice, the defendant must act solely after receiving such sound advice and direction from counsel and then must act under his or her own free will.  In a case where such free will is overborne by the prosecutor or by the accused attorney despite the Petitioner's (accused's) repeated cry of incomprehension, such matter to proceed to plea or trial shall be deemed an act of ineffective assistance of counsel.  Edwards vs Garrison, 529 F2nd 1374. (4th Cir.) (1975).  Mosher vs Lavallee, 491 F2nd 1346 2nd Cir 1974.  Wellnitz vs Page 420 F2nd 935.

CONCLUSION AND PRAYER FOR RELIEF

LET IT BE THE DETERMINATION OF THIS HONORABLE COURT THAT;

The sentence for the Defendant
in the above-captioned matter be set aside, corrected, or vacated under Rule of Law in Motion for
relief under appeal of habeas corpus as defined herein and set forth under Title 28 U.S.C. Section §
2255 and as further defined through appropriate case law including conditions and analysis met under
Strickland vs. Washington and in citing conditional issues under McMann vs. Richardson and others,
it should be adjudicated that as a condition of 28 U.S.C. § 2255, a clear argument has been made
in relevant part to show conclusively that the Defendant received ineffective assistance of counsel
and was precluded from proper and appropriate representation before the court and as such received
no such relief to which the court shall cause notice to be served upon the office of the United
States Attorney in appeal for grant of prompt and immediate hearing or rehearing therein and further
determine and reevaluate such issues and make findings of fact and conclusions of law with respect
thereto.

That the court adjudge, declare, and decree that determination be made that the counsel
for the Defense has proven ineffective and below standard both professionally and constitutionally.

CERTIFICATE OF SERVICE

IT SHALL BE STATED THAT;

                    I, Petitioner and Movent to this Motion, hereby,

affirm, attest, and aver that I have caused to be served a true and complete copy of

the foregoing Petition to the following addressee as listed below and that such copy

has been sent through the United States Postal Service va First Class Mail and has

been deposited within the appropriate depository at Federal Correctional Institution

Elkton in Lisbon, Ohio, all as timely and verified under documentation.


      SERVICE FORWARDED TO:


      The Office of the United States Attorney
      District of Nebraska
      Roman L. Hruska United States Courthouse
      111 South 18th Street
      Omaha, Nebraska  68102


                            DATE: April 28, 2011


                            RESPECTFULLY SUBMITTED BY:

                            x *Antonio Frausto*
                            Antonio Rigberto Frausto Diaz, Defendant

VERIFICATION AND JURAT

WITH MY HAND AND SEAL, I AFFIRM, ATTEST, AND AVER THAT;

I, Petitioner, hereby declare

under penalty of perjury that the proceeding and inclusive information is true and correct

and in witness knowing the law of bearing false statements before my creator and fellow man,

I hereby confirm, to the best of my knowledge and belief, that this filing is made with

umberrima fidae, in good faith and in accordance with Title 28 U.S.C. § Section 1746 of

unsworn declaration and prescribed under penalty of perjury herein judiciary and judicial

procedures §§ sections 1731 - 1960 et. seq.,

With my hand and seal, on this

_28th_ day in the month of _April_ in the year of our Lord Two Thousand and **Elev**anno domini.

FURTHER AFFIANT SAYETH NAUGHT; x _Antonio Frausto_

**Antonio Rigberto Frausto Diaz, Defendant**
**Federal Identification: 40730-051**
Federal Correctional Institution
Elkton Facility
P.O. Box 10
Lisbon, Ohio 44432

ENCLOSURE, et. seq.,

Antonio Rigoberto Frausto Diaz, Federal Inmate
Federal Identification 40720-051
Federal Correctional Institution
Elkton Facility
P.O. Box 10 Lisbon, Ohio 44432

◇40720-051◇
Denice M Lucks
District Clerk
111 S 18TH ST
United States Dist Court
Omaha, NE - 68102
United States



FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 89

ELKTON, OH 44415 _____ 5/3/2011

DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL
MAILING PROCEDURES FOR FORWARDING TO YOU. THE
LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF
THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH
THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO
RETURN THE MATERIAL FOR FURTHER CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO
ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO
THE ABOVE ADDRESS.