IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CR263 - JFB - FG3 |
| | ) | |
| Plaintiff, | ) | MOTION FOR ENTRY OF AN |
| . | ) | ORDER FINDING THE ATTORNEY- |
| v. | ) | CLIENT PRIVILEGE IS WAIVED AS |
| | ) | TO THOSE ISSUES RAISED IN |
| ANTONIO RIGBERTO FRAUSTO, | ) | DEFENDANT'S MOTION UNDER |
| | ) | 28 U.S.C. § 2255 |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully requests this Court for an Order finding the attorney-client privilege is waived as to those issues raised in Antonio Rigberto Frausto's (hereinafter "Frausto") motion filed pursuant to 28 U.S.C. § 2255 (Filing No. 76) and authorizing Jason E. Troia and Stuart J. Dornan, former counsel, to provide all pertinent information that they believe is reasonably necessary to fairly respond to Frausto's ineffective assistance of counsel accusations against them.

### BACKGROUND

Frausto was indicted on July 14, 2008, by the Grand Jury on a charge of conspiracy to distribute over 500 grams of a mixture or substance containing methamphetamine. (Filing No. 1). He appeared before the Honorable Thomas D. Thalken, United States Magistrate Judge, and entered a plea of not guilty. (Minute Entry 7).

A jury trial was held on January 28, 2009, and on January 29, 2009, Frausto was convicted by a jury of conspiracy to distribute 500 grams or more of methamphetamine mixture. A Presentence Investigation Report ("PSR") was ordered, and Frausto was found to have a total

offense level of 38, with a criminal history category two, establishing an advisory guideline imprisonment range of 262 to 327 months. (PSR ¶ 60). An objection to the PSR was filed by counsel for defendant and argued at sentencing on May 5, 2009. (Filing No. 50). Frausto, through counsel, further filed a Motion for Downward Departure and/or Deviation or Variance from the Sentencing Guidelines. (Filing Nos. 51, 52).

At sentencing the District Court overruled Frausto's objection to the PSR and granted, in part, his motion for downward departure. (Text Minute Entry 53). Frausto was sentenced to 240 months incarceration to be followed by a 5 year term of supervised release. (Filing No. 56).

On direct appeal Frausto argued there was insufficient evidence to support the jury's guilty verdict. The United States Court of appeals for the Eighth Circuit affirmed the district court on August 6, 2010. United States v. Frausto, 616 F.3d 767 (8th Cir. 2010).

Frausto timely filed his § 2255 motion on May 6, 2011. The government has been ordered to respond. In an effort to completely and thoroughly respond to Frausto's claims of ineffective assistance of counsel, the undersigned Assistant United States Attorney will need an affidavit from defense counsel.

## ARGUMENT

By alleging ineffective assistance of counsel, Frausto has waived the right to claim an attorney-client privilege as to any communications relevant to the issues in his present § 2255 motion. See, Thompson v. United States, 7 F.3d 1377, 1378 (8th Cir. 1993) (defendant waived the attorney-client privilege by alleging ineffective assistance of counsel); Tasby v. United States, 504 F.2d 332, 332 (8th Cir. 1974)("[P]rivilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of

action to his attorney that raises the specter of ineffectiveness or incompetence."). See also, Strickland v. Washington, 466 U.S. 668, 688 (1984) (recognizing that "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's ... litigation decisions").

Lawyers practicing in this District must adhere to both the Nebraska and ABA rules governing professional conduct. Section 3-501.6 of the Nebraska Rules of Professional Conduct provides in pertinent part:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
>
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>
>   (1) to prevent the client from committing a crime or to prevent reasonably certain death or substantial bodily harm;
>
>   (2) to secure legal advice about the lawyer's compliance with these Rules;
>
>   (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
>   (4) to comply with other law or a court order.

On July 14, 2010, the American Bar Association ("ABA"), Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 suggesting that an attorney should not be permitted to disclose information pertaining to a former client's ineffective

assistance claims outside of formal, court-supervised proceedings, such as depositions and hearings.

While the Eighth Circuit Court of Appeals has not ruled on the issue following the ABA opinion, this Court found in <u>United States v. Cook</u>, 8:07CR339, Filing No. 134 (D. Neb. July 15, 2011), that the defendant waived the attorney-client privilege with respect to the matters raised in his ineffective-assistance-of-counsel claims in his motion filed under 28 U.S.C. § 2255. See also, <u>United States v. Perkins</u>, 8:09CR26, Filing No. 101 (D. Neb. July 15, 2011) (same).

<u>CONCLUSION</u>

The government respectfully requests this Court enter an Order finding the attorney-client privilege is waived as to Frausto's claims of ineffective assistance raised in his motion filed pursuant to 28 U.S.C. § 2255. The government further requests this Court allow defense counsel to provide affidavits addressing all pertinent information that they believe is reasonably necessary to fairly respond to Frausto's ineffective assistance of counsel accusations against them.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    DEBORAH R. GILG
    United States Attorney


By:   *s/Robert C. Sigler*
      ROBERT C. SIGLER (#13836)
      Assistant United States Attorney
      1620 Dodge Street, Suite 1400
      Omaha, Nebraska 68102-1506
      (402) 661-3700

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. I do hereby also certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Antonio Rigberto Frausto
Reg. No. 40720-051
FCI-Elkton
PO Box 10
Lisbon, OH 44432

                                        s/Robert C. Sigler
                                        ROBERT C. SIGLER
                                        Assistant United States Attorney