IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR263 - JFB - FG3 |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ANTONIO RIGBERTO FRAUSTO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the government's motion for an order finding that the attorney-client privilege is waived (Filing No. 80).

The Defendant, ANTONIO RIGBERTO FRAUSTO, filed a motion under 28 U.S.C. § 2255 alleging, in pertinent part, claims of ineffective assistance of counsel. (Filing No. 76).

At issue is the July 14, 2010, issuance of Formal Opinion 10-456 by the American Bar Association ("ABA") Standing Committee on Ethics and Professional Responsibility.  The opinion suggests that an attorney may not disclose information pertaining to a former client's ineffective-assistance-of-counsel claims outside of formal, court-supervised proceedings, such as depositions and hearings. Prior to the issuance of the ABA opinion, the Eighth Circuit Court of Appeals often stated that a defendant waived attorney-client privilege when alleging ineffective-assistance-of-counsel claims. *See, e.g., United States v. Davis,* 583 F.3d 1081, 1090 (8th Cir. 2009); *Thompson v. United States,* 7 F.3d 1377, 1377 (8th Cir. 1993). After the ABA opinion was issued, while neither this Court nor the Eighth Circuit has ruled on the issue, courts that have addressed the issue have generally concluded that by asserting ineffective-assistance-of-counsel claims the defendant implicitly waives the attorney-client privilege with respect to the issues raised. *See, e.g., United*

*States v. Marks,* 764 F. Supp. 2d 585, (W.D.N.Y. 2011); *Drake v. United States,* No. 3:05-00209, 2010 WL 3059197, at *1 (M.D. Tenn. July 30, 2010). This Court agrees.

IT IS ORDERED:

1. The government's motion (Filing No. 80) is granted;

2. The Defendant has waived the attorney-client privilege with respect to the matters raised in his ineffective-assistance-of-counsel claims in his motion filed under 28 U.S.C. § 2255;

3. Attorneys Jason E. Troia and Stuart J. Dornan may provide affidavits addressing all pertinent information that they believe is reasonably necessary to respond to Defendant's ineffective-assistance-of-counsel claims against them;

4. The government must file its answer on or before August 5, 2011; and

5. The Clerk is directed to mail a copy of this order to the Defendant at his last known address.

DATED this 20TH day of July, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States Chief District Judge