IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CR263 - JFB - FG3 |
| | ) | |
| Plaintiff, | ) | ANSWER TO DEFENDANT'S |
| | ) | MOTION UNDER 28 U.S.C. § 2255 |
| v. | ) | TO VACATE, SET ASIDE OR |
| | ) | CORRECT SENTENCE |
| ANTONIO RIGBERTO FRAUSTO, | ) | |
| | ) | |
| Defendant. | ) | |

On May 6, 2011, Antonio Rigberto Frausto (hereafter "Frausto") filed a Motion for Petition Under Writ of Habeas Corpus pusant to Title 28 U.S.C. § 2255 (hereafter § 2255 motion). (Filing No. 76). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and this Court's Order of June 17, 2011, the United States is required to respond to Frausto's claims for relief. (Filing No. 77).

## BACKGROUND

Frausto was indicted on July 14, 2008, by the Grand Jury on a charge of conspiracy to distribute over 500 grams of a mixture or substance containing methamphetamine. (Filing No. 1). He appeared before the Honorable Thomas D. Thalken, United States Magistrate Judge, and entered a plea of not guilty. (Minute Entry 7).

A jury trial was held on January 28, 2009, and on January 29, 2009, Frausto was convicted by a jury of conspiracy to distribute 500 grams or more of methamphetamine mixture. A Presentence Investigation Report ("PSR") was ordered, and Frausto was found to have a total offense level of 38, with a criminal history category two, establishing an advisory guideline imprisonment range of 262 to 327 months. (PSR ¶ 60). An objection to the PSR was filed by

counsel for defendant and argued at sentencing on May 5, 2009. (Filing No. 50). Frausto, through counsel, further filed a Motion for Downward Departure and/or Deviation or Variance from the Sentencing Guidelines. (Filing Nos. 51, 52).

At sentencing the District Court overruled Frausto's objection to the PSR and granted, in part, his motion for downward departure. (Text Minute Entry 53). Frausto was sentenced to 240 months incarceration to be followed by a 5 year term of supervised release. (Filing No. 56).

On direct appeal Frausto argued there was insufficient evidence to support the jury's guilty verdict. The United States Court of Appeals for the Eighth Circuit noted that, "despite Dilley's legitimate credibility shortcomings, the jury [chose] to credit Dilley's version of the facts." United States v. Frausto, 616 F.3d 767, 772 (8th Cir. 2010). The Eighth Circuit affirmed the district court on August 6, 2010. Id.

Frausto timely filed his § 2255 motion on May 6, 2011. (Filing No. 76). This Court has found that Frausto has waived the attorney-client privilege with respect to matters alleged in his § 2255 motion. (Filing No. 81). The government submits that the sworn affidavit of Mr. Jason Troia is relative to the issues raised in Frausto's § 2255 motion and requests that, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, the sworn affidavit be considered as part of the record.

## **GOVERNING AUTHORITY**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)."The petitioner bears the burden of proof upon each ground presented for relief in

a Section 2255 proceeding." Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970), Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). "A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption.... [C]onclusory allegations are insufficient to rebut this presumption of competency." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). See also, Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance).

To prevail on a claim of ineffective assistance of counsel, a defendant must: (1) show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing norms of practice," and (2) "affirmatively prove prejudice" by showing that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 693-94 (1984). "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir. 1996). That requires a "substantial," not just "conceivable," likelihood of a different result. Harrington v. Richter, --- U.S. ----, 131 S.Ct. 770, 791. The Court may address the prongs in any order. Smith v. Robbins, 528 U.S. 259, 286 n. 14, 120 S. Ct. 746 (2000).

## ARGUMENT

Frausto makes numerous claims of ineffective assistance of counsel. Generally he argues counsel was ineffective for failing to adequately advise and guide him on the acceptance or denial of a plea agreement and for failing to strategize a sound and fundamental defense. (Filing No. 76). He further makes general allegations that counsel rendered ineffective assistance at trial.

The government denies Frausto received ineffective assistance of counsel or that counsels' performance prejudiced his case.

### I. Frausto Received Effective Assistance of Counsel During the Pretrial Phase of His Case.

The government denies Frausto's claim he received ineffective assistance during the pretrial phase of his case. Frausto contends defense counsel failed to properly investigate his case and advise him as to going to trial or pleading guilty. (Filing No. 76, pp. 4, 8).

Defense counsel's sworn affidavit contradicts Frausto's claims. (Affidavit ). Defense counsel met with Frausto and discussed the evidence and possible defenses with him. (Affidavit ¶¶ 1, 2). Despite defense counsels' advice, Frausto was not interested in pleading guilty and exercised his right to trial. (Affidavit ¶ 1). Based on Frausto's decision and what he told defense counsel, defense counsel met with him and devised a trial strategy.

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." Cooley v. Nix, 738 F.2d 345, 347 (8th Cir. 1984). "In assessing counsel's performance, courts defer to reasonable trial strategies and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. White, 341 F.3d 673, 677 (8th Cir. 2003) (internal quotations omitted). "The burden is on the petitioner to show that counsel's representation was not within the range of sound defense strategy." United States v. Sera, 267 F.3d 872, 874 (8th Cir. 2001).

Frausto was not prejudiced by counsels' performance which fell within professional norms. He has failed to meet his burden and his claim for relief should be denied.

### II. Frausto Received Effective Assistance of Counsel at Trial.

Frausto makes numerous claims of ineffective assistance during the trial phase of his case. The majority of his claims are conclusory in nature and lack any specifics. Frausto does specifically argue his counsel failed to "effectively strategize a sound and fundamental defense." (Filing No. 76, p. 4).

Defense counsel based Frausto's trial strategy on the premise that he was only at the trailer to watch a soccer/football game. (Affidavit ¶ 2). This was based on what Frausto told defense counsel. (Id.). The fact the jury chose not to credit Frausto's version of events, does not show defense counsel was ineffective. "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586 590 (8th Cir. 1996). See also, Bradley v. United States, 347 F.2d 121, 123 (8th Cir. 1965) ("The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Lack of success, therefore, does not equate with incompetency of counsel.").

Frausto further asserts counsel failed to make numerous objections at trial and to challenge or object to the credibility of Christiana Dilley. (Id. at p. 9). Frausto's claims for relief are without merit.

The trial transcript establishes defense counsel vigorously cross-examined Dilley as to her plea agreement with the government, the information she provided law enforcement, and her prior felony convictions. (Tr. 72-100). In affirming the district court, the Eighth Circuit noted that

5

"[d]espite Dilley's legitimate credibility shortcomings, the jury [chose] to credit Dilley's version fo the facts." Frausto, 616 F.3d at 772.

Additionally, during the jury instruction conference, defense counsel urged the district court to include a cautionary instruction regarding cooperating witnesses. (Tr. 260-262). Overruling defense counsel's request, the court noted,

THE COURT:   Gentlemen, I understand your position. I think we've gone as far as we can go as a group here in explaining and cautioning the jury about testimony from individuals that have something to gain from their testimony. I think both plea agreements are in evidence. At least Mr. Smith's plea agreement is in evidence, and Ms. Dilley's is as well. We have both plea agreements as evidence.

I cautioned the jury about this issue in voir dire, and defense counsel has brought it up in cross-examination. And now I have a specific instruction concerning the jury's responsibility to take all of this into account. I think this instruction states it and does it in a non-argumentative tone.

If I highlight some witness's testimony and say you have to use special caution, I think I'm asking for trouble. I'm not sure that the circuit will abide with that extra language and I think that indirectly we've done the same thing.

So I'm going to overrule your request and go with the instructions that we have.

(Id.). Frausto's litany of additional claims for relief are equally without merit. A review of the record below, along with defense counsel's sworn affidavit, establishes Frausto's counsel performed well within professional norms. He has failed to meet his burden and his claim for relief should be denied.

### III. Frausto Received Effective Assistance of Counsel at Sentencing.

In as much as Frausto is arguing counsel rendered ineffective assistance of counsel at sentencing, his claim for relief is without merit. In as much as Frausto is arguing his sentence

6

was calculated improperly or is unreasonable, he is barred from raising that issue for the first time in his § 2255. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a § 2255 motion." Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) (citing United States v. Frady, 102 S. Ct. 1584, 1593-94 (1982)). "This procedural default may be excused only if the petitioner 'can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.'" Mathews, 114 F.3d at 113, (quoting Bousley v. Brooks, 97 F. 3d 284, 287 (8th Cir. 1996)).

Prior to sentencing, defense counsel filed an objection to the PSR, and a Motion and Brief for Downward Departure. (Filing Nos. 50, 51, 52). The district court heard argument regarding the drug quantity and the firearm enhancement. Frausto's prior offense and his criminal history were also discussed. Frausto's sentencing guidelines range was properly calculated. With a Criminal History Category II and a Total Offense Level 36, the sentencing range of imprisonment is 262 - 327 months. (Tr. 290). Following argument, this Court sentenced Frausto to a below the guidelines sentence of 240 months incarceration. (Tr. 303).

Frausto's counsel performed well within professional norms during the sentencing phase of his case. He has failed to meet his burden and his claim for relief should be denied.

**IV. No Evidentiary Hearing Is Needed.**

The United States submits that based on the record, Frausto's post-conviction motion does not require additional briefing or merit an evidentiary hearing. An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 where the file and records show that the prisoner is entitled to no relief. 28 U.S.C. § 2255; Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

## CONCLUSION

The government denies Frausto is entitled to relief. He has failed to establish defense counsel's performance fell below professional norms or that the outcome of his case would have been different absent the alleged ineffective assistance.  The United States respectfully requests this Court to enter an order denying Frausto's motion pursuant to Title 28, United States Code, Section 2255, without an evidentiary hearing.

Respectfully submitted,

UNITED STATES OF AMERICA

DEBORAH R. GILG
United States Attorney

By:   s/Robert C. Sigler
ROBERT C. SIGLER (#13836)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. I do hereby also certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Antonio Rigberto Frausto
Reg. No. 40720-051
FCI-Elkton
PO Box 10
Lisbon, OH 44432

s/Robert C. Sigler
ROBERT C. SIGLER
Assistant United States Attorney

8