IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
THE UNITED STATES OF AMERICA

```
FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

AUG 22 2011

OFFICE OF THE CLERK
```

|   |   |
|---|---|
| The United States of America, ) | |
| Plaintiff ) | |
| ) | |
| vs ) | CASE No.  8:08-CR-263-JFB-FG3 |
| ) | |
| ) | [RE: CHALLENGE AND EXPANSION ON U.S. ANSWER] |
| Antonio Rigberto Frausto, ) | |
| Defendant ) | |

<u>RESPONSE, CHALLENGE, AND REBUTTLE TO PLAINTIFF"S ANSWER
WITH REQUEST FOR THE COURT"S CONSIDERATION FOR AN EXPANSION OF THE FACTS
ALL IN RELATION TO ORIGINAL FILING OF MOTION § 2255</u>

NOW COMES, Antonio Rigberto Frausto, Defendant, acting as Petitioner under original filing of May 6, 2011 Motion for Relief under Habeas Corpus through Title 28 U.S.C. § Section 2255, and now as represented under propria personam, sui juris, and acting as his own counsel, hereby requests this Honorable Court's consideration in granting review and inclusion of this Response, Challenge, and Rebuttle to the Government's (Plaintiff's) Answer of August 5, 2011 to which certian facts were distorted, issues were taken out of context, and positions were unsubstantiated thus requiring a more comprehensive address to issues raised through the Government's Answer and challenge therein. It should be stated as a precursor to this Rebuttle, Defendant DID NOT waive his right to Attorney/Client Privilege and that such rights were removed from Defendant through the adjudication of the court without Defendant's contribution of Attorney/Client facts and communications as documented and understood by the Defendant even though no such Affidavit was initiated by Defendant all warranting the need to place before this court, a Response, Challenge, and Rebuttle to statements made and inaccuracies placed in conjunction with Government's answer.



RECEIVED

AUG 22 2011

CLERK
U.S. DISTRICT COURT
OMAHA

## EXPANSION OF FACTS AND CHALLENGE

LET IT BE THE CONSIDERATION OF THIS HONORABLE COURT THAT;

Defendant moves to request that the following expansion of facts and challenge to the Government's reponse and answer to original § 2255 filing, be given consideration and review for issues addressed that require redress and clarification to place them back into context as they relate to relevancy of the original Motion as having met the two-pronged requirements set forth through Strickland vs Washington and other cases that provide for breach of professional standard, causes of prejudice, and ineffective assistance of counsel as follows;

NOWTHEN:

1. Defendant avers that his Motion as filed under § 2255 does in fact meet the transgressions of constitutional violations with regard to specific areas as they relate to Ineffective Assistance of Counsel resulting in Sixth and Fourteenth Amendmant Rights of due process and miscarriage of justice as provided by and through United States vs Apfel, 97 F3rd 1074,1076 to which Defendant claims that Counsel for the Defense was NOT competent and violated the standards of professional representation.

2. Defendant avers that Counsel for the Defense, in his failings, did in fact, "violate the norms of practice," "create cause and prejudice"," and in do doing, caused a "sufficient undermine to the level of confidence in the outcome." Thus, resulting in a "Substantial" liklihood of a dramatically different outcome.

3. Defendant avers that Counsel for the Defense DID NOT advise him properly, comprehensively, or appropriately on the detrimental outcome in sentencing potential under Trial vs Plea and failed to explain the differences or potential risks associated with sentence disparity between these two options all as a result of Counsel's failure to communicate or attempt to communicate these options even with the assistance of a biligual assistant.

4. Defendant avers that Counsel for the Defense DID NOT explain discovery in a manner that was comprehensible to Defendant and that additional Pre-trial guidance was almost non-existent as a result of hours invested and the challenge of a language barrier even with the initial bilingual assistant at the opening conference. Counsel failed to explain the Plea/Trial option in a manner that Defendant could understand outcomes and ramifications as Defendant was convinced that his innocence as proven at trial would result in his freedom however, by signing a Plea Agreement, he was admitting to guilt yet, either option resulted in the SAME OUTCOME with regard to sentencing if he lost at trial or signed a Plea Agreement therefore chose to proclaim his innocence with belief and under the advice of his counsel that he could and would WIN his innocence through a trial option with the same risk and consequences as having signed a Plea Agreement.

5. Defendant avers that at NO TIME in his preliminary interview, as depicted from the Affidavit and Questionair forwarded by Counsel for the Defense, did Counsel discuss Plea Options vs Trial Options, no did Counsel ever explain such options beyond that meeting, nor did counsel include a bilingual interpreture at any subsequent meetings to which such issues were discussed. Such failings of deficiency in explaining Discovery, deficiency in explaining options, and deficiency in explaining Plea Agreement all meet the qualification as "Unreasonable Professional Assistance" as prescribed hereto under <u>Cooley v Nix</u> and <u>United States vs White</u> to which the burden has been met by Petitioner to show that counsel's representation was "Not within the range of sound defense strategy or guidance."

6. Defendant avers that Counsel for the Defense DID NOT provide a range of sound defense strategies in that counsel DID NOT discuss trail options or tial strategies with Defendant and did not introduce case law or evidentiary documentation providing support for defendant's "Proximity" to a crime with "No attachement or involvement" to the crime perpatrated at the same location as Defendant without Defendant's knowledge. That counsel failed to establish or attempt to defend this issue.

7. Defendant avers that Counsel for the Defense did not simply violate Reasonable Trial Counsel but rather, Counsel for the Defense conveyed an ineffectiveness of assistance in failing to introduce relevant and compelling evidence, testimony, timeline and schedule for Defendant's routine at the property, testimony providing Defendant's non-involvement to any criminal activity, and finally, Counsel failed to that testimony against Defendant was jaded and tainted due to the relief promised to such witnesses against Defendant thus resulting in skewed testimony from non-credible witnesses without any challenge before the court that such witnesses maintained faulty and flawed testimony all a failing in the cross examination which goes BEYOND simply "performance" and crosses into the relm of "Professional Standards, Defense Strategy, and Effective Assistance."

8. Defendant avers that Counsel failed in his professional duty to establish all critical and necessary issues and points of contention for inclusion within the original Direct Appeal to which the Government admits that the Defense Failed to Raise issues such as improper calculation of guideline points and quantity of narcotics resulting in an effect to issues that may now be raised in the Motion under § 2255 thus sourcing <u>Mathews vs United States</u> and <u>United States vs Frady</u>, that Counsel for the Defense DID violate a "procedural default" and caused "prejudice for such errors" by and through his exclusion of such relevant facts and issues within the Direct Appeal all resulting in a bias and prejudice in Defendant's ability to argue such issues under future Appeals such as this 2255. All providing additional support that Counsel for the Defendant failed to meet professional standards of Effective Assistance of Counsel.

9. Defendant avers that this Motion should provide the merit for an evidentiary hearing based upon significant deficiencies and failings of Counsel for the Defense and based upon missed oppprtunities, non-challenges, non-objections, tainted testimony without appropriate discredit or challenge; an inconclusive Direct Appeal submission, an inability to thoroughly and properly explain the Plea/Trial option, the Presentence Investigatory Report, or the Discovery. All resulting in a standard far below professional and a cause of prejudice upon the court to which all conditions are met in the provisions of Ineffective Assistance of Counsel.

## CERTIFICATE OF SERVICE

LET THIS HONORABLE COURT CONFIRM THAT;

The Defendant and author of this Rebuttle to the Government's filed Answer as it pertains to the original motion filed under § 2255, that the foregoing has been caused to be served upon the addressee listed below, a true and complete copy of the original by forwarding document through The United States Post Office via First Class Mail and having dropped such service within the appropriate and proper depository at Federal Correctional Institution Elkton in Lisbon, Ohio as timely and verified.

SERVICE FORWARDED TO:

Robert C. Sigler
United States Attorney
District of Nebraska
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506

DATE: August 17, 2011

SUBMITTED BY:
x *Antonio Frausto*
Antonio Rigberto Frausto, Defendant

## VERIFICATION AND JURAT

LET ALL MEN KNOW BY THESE PRESENTS THAT;

I, Antonio Rigberto Frausto, attest, affirm, and aver that the following and aforementioned is true and correct to the best of my knowledge and ability and in knowing the significance of unsworn testimony under conditions of perjury as a violation before my creator and fellow man, that I declare and decree that this document is true and accurate and shall meet the standards of judicial and judiciary as prescribed under Sections §§ 1740-1960 of unsworn testimony.

WITH MY HAND AND SEAL ON THIS 17th DAY IN THE MONTH OF AUGUST IN THE YEAR OF OUR LORD, 2011 anno domini, I set my signature;

DATE August 17, 2011

Respectfully Submitted by,

x *Antonio Frausto*
Antonio Rigberto Frausto, Defendant
Federal Identification 40720-051
Federal Correctional Institution
Elkton Facility
P.O. Box 10  Lisbon, Ohio  44432

ENCLOSURE, et.seq.,

NAME: Antonio Rigberto Frausto
REG: 40720-051
Federal Correctional Institution Elkton
P.O. Box 10 Lisbon, Ohio 44432

Legal Mail

68102©1322

⇔40720-051⇔
Clerk Of The Court
U S Dist Ct of Nebraska
111 S 18th Plaza, Suite 1152
Roman L Hruska Cthse
Omaha, NE 68102-1322
United States

**FEDERAL CORRECTIONAL INSTITUTION**
P.O. BOX 129
LISBON, OHIO 44432

RECEIVED AUG 1 8 2011

DATE _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.