IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:08CR263 |
| vs. | |
| ANTONIO RIGBERTO FRAUSTO, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant Antonio Frausto's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C § 2255 ("§ 2255"). § 2255 Motion, Filing No. 76. The defendant also filed a motion to reconsider the finding that he waived attorney-client privilege, and a motion to appoint counsel. Motion to Reconsider, Filing No. 82; Motion to Appoint Counsel, Filing No. 88. A jury found the defendant guilty of conspiracy to distribute 500 grams or more of methamphetamine (mixture). Jury Verdict, Filing No. 43. The court sentenced Frausto to a 240-month term of imprisonment, followed by five years of supervised release. Judgment, Filing No. 56. The defendant appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed the verdict and sentence. *United States v. Frausto*, 616 F.3d 767 (8th Cir. 2010). The Supreme Court of the United States denied certiorari. *Frausto v. United States*, 131 S.Ct. 1703 (2011).

In his § 2255 motion, the defendant alleges he received ineffective assistance of counsel from his attorney, Jason Troia. Filing No. 76. Specifically, the defendant raises two grounds for his claim: (1) Troia did not present certain arguments at trial, and (2) Troia did not inform him of the potential benefits of a plea agreement. *Id.* Frausto

makes numerous other claims in his motion; however, he does not support these with factual allegations.

## I. Law: Two-Prong *Strickland* Test for Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). A movant may raise ineffective assistance of counsel issues in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). By doing so, the movant waives attorney-client privilege as to the matters raised in the motion. *Tasby v. United States*, 504 F.2d 332, 335 (8th Cir. 1974) ("privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence"); *see also*, *Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions").

"The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and the to a defendant's first appeal of right. *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing

the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel. *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990,

998 (8th Cir. 2010). In the sentencing context, prejudice exists when the movant shows that, had counsel presented another argument, the defendant likely would have received a much shorter sentence. *King*, 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005); *King*, 595 F.3d at 853-54.

## II.     Discussion: No Deficient Performance or Prejudice

The defendant claims Troia performed deficiently during the trial phase of his case and prejudiced the result of the proceedings. Filing No. 76 at 9-10. Frausto alleges counsel failed to make certain meritorious arguments: (1) evidence seized in the search of a trailer did not belong to the defendant, (2) cooperating witnesses for the government lacked credibility, and (3) the government produced insufficient evidence to support a guilty verdict. *Id.* However, the record demonstrates Troia raised each of these arguments both before and during trial. Trial Transcript Vol. I, Filing No. 62 at 74-79 (cross-examining government witness regarding plea agreement); *id.* at 137-43 (cross-examining police officer regarding connection between evidence and defendant); Proposed Jury Instructions, Filing No. 33 (cautioning jury regarding credibility of witnesses); Brief in Support of Motion in Limine, Filing No. 29 (requesting court to exclude evidence, arguing insufficient connection to defendant and irrelevance). Troia proactively and vigorously represented the defendant at all phases of the proceedings. *See, e.g.*, Filing No. 62.

The defendant raised a claim of insufficient evidence to support the verdict on direct appeal. *Frausto*, 616 F.3d at 769. The Eighth Circuit held the government had

4

produced sufficient evidence to sustain a conviction. *Id.* This decision bars the defendant from raising a claim of insufficient evidence in a § 2255 motion. *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). Even if Troia had failed to object to the evidence, the defendant could not show deficient performance or prejudice. An argument that the evidence could not sustain a conviction would lack merit and would not affect the outcome of the proceedings.

The defendant also claims Troia failed to advise him on the decision whether to plead guilty or go to trial. Filing No. 76 at 4. Troia denies this allegation. Affidavit, Filing No. 84-1.[1] Troia describes conversations he had with the defendant on these matters with specificity. *Id.* Frausto, on the other hand, provides the court with virtually no facts to support his claims. *See generally*, Filing No. 76; Filing No. 87. Based on the lack of detail in Frausto's motion, and the lack of merit on his other claims, the court considers Troia more credible. Therefore, the court adopts Troia's version of events, and finds the defendant has not met his burden.

THEREFORE, IT IS ORDERED:

1. The court denies the defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 76).

2. The court denies the defendant's motion for reconsideration (Filing No. 82) regarding the finding that defendant waived attorney-client privilege.

3. The court denies the defendant's motion to appoint counsel (Filing No. 88) as moot.

---

[1] Frausto claims the waiver of his attorney-client privilege violates his constitutional rights and that this court should not consider Troia's affidavit in review of this motion. Filing No. 82. However, case law clearly establishes a defendant waives privilege when filing a § 2255 motion. *Tasby*, 504 F.2d at 335.

4. The court will enter a separate Judgment in conjunction with this Memorandum and Order.

Dated this 1st day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge