IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

ANTONIO RIGBERTO FRAUSTO,

   Defendant.

8:08CR263

**MEMORANDUM AND ORDER**

This matter is before the court on the defendant's motion for reconsideration, Filing No. 93, and motion for leave to appeal in forma pauperis, Filing No. 92. This is a habeas corpus action under 28 U.S.C. § 2255. The defendant seeks reconsideration of the court's denial of his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C § 2255 ("§ 2255") and alternatively, he seeks issuance of a certificate of appealability. He contends that two recent Supreme Court decisions, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Peugh v. United States*, 133 S. Ct. 2072 (2013), have a bearing on his case. Filing No. 93.

**FACTS**

The defendant was convicted, after a jury trial, of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. *See* Filing No. 43, Jury Verdict. That crime carries a mandatory minimum sentence of ten years and a maximum sentence of life. 21 U.S.C. § 841(b)(1)(A)(viii). The jury was instructed that finding the defendant responsible for a quantity of over 500 grams was an element of the crime. Jury Instructions, Instruction No. 11 (Filing No. 64 at ECF p. 15). The defendant's Guidelines range of imprisonment was 262 to 327 months based on an offense level 38 and criminal history

category II.  PSR (sealed) at 12 (Filing No. 54 at ECF p. 12).  He was sentenced to a term of imprisonment of 240 months.  Filing No. 56, Judgment.

The Indictment charged that the defendant participated in a conspiracy in 2006.  Filing No. 1, Indictment.  He was sentenced in 2009 and the PSR states that the 2008 edition of the U.S.S.G. Manual was used in assessing his case.  Filing No. 54, PSR at 7.

In his § 2255 motion, he alleged ineffective assistance of counsel in failing to present certain arguments at trial and failing to inform him of the benefits of a plea agreement.  The court found he had not shown deficient performance.  The defendant seeks to appeal the following issues:  whether trial counsel was ineffective during the plea and sentencing process and whether appellate counsel was ineffective and did not act as an advocate on his behalf.

**LAW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a 2255 motion is governed by the certificate of appealability (COA) requirements codified at 28 U.S.C. § 2253(c).  *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001).  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B).  The courts of appeals uniformly interpret "circuit justice or judge" to encompass district judges.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 650 n. 5 (2012).  "Habeas Corpus Rule 11(a) requires district judges to decide whether to grant or deny a COA in the first instance."  *Id.*  If the court issues a certificate, the court must state the specific issue or issues on which the applicant has made a substantial showing of the denial of a constitutional right and if the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals.  *See* 28 U.S.C. § 2253(c)(2) & (3); Fed. R. App. P. 22.  The COA process screens out issues unworthy of judicial time

2

and attention and ensures that frivolous claims are not assigned to merits panels. *Gonzalez*, 132 S. Ct. at 650.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 482 (2000).

Under the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) (stating "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose it to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). A lack of good faith is not shown by the mere fact that the appeal lacks merit but that the issues raised are so frivolous that the appeal would be dismissed if the case was that of a nonindigent litigant.

3

*Coppedge v. United States*, 369 U.S. 438, 447 (1962); *see also Lee*, 209 F.3d at 1026 (adopting *Coppedge* standard, post-Prison Litigation Reform Act (PLRA)).[1]

In *Peugh*, the United States Supreme Court held that there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense. *Peugh*, 133 S. Ct. at 2078. In *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013), the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and proved beyond a reasonable doubt. *Id.* (overruling *Harris v. United States,* 536 U.S. 545 (2002)).

## DISCUSSION

The court finds that the defendant's motion for reconsideration should be denied. The recent Supreme Court cases cited by the defendant in support of his motion are not applicable to this case. The 2008 Guidelines Manual that was used to assess the defendant's case did not provide a higher applicable Guidelines sentencing range than the version in place at the time of his offense. The defendant was convicted under a statute that had a mandatory minimum, but the fact that triggered the mandatory minimum, drug quantity over 500 grams, was submitted to and found by the jury. Accordingly, the *Alleyne* and *Peugh* cases have no bearing on the defendant's case.

Further, the court will not issue a certificate of appealability. The defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. §

---

[1] Although the Prison Litigation Reform Act (PLRA) imposed additional restrictions on petitioners seeking to obtain in forma pauperis status in 28 U.S.C.A. § 1915(a)(2) and (b), those provisions do not apply to habeas actions filed under §§ 2241, 2254, or 2255. *See, e.g., Walker v. O'Brien*, 216 F.3d 626, 633-37 (7th Cir. 2000); *Sonnier v. Johnson*, 161 F.3d 941, 943 (5th Cir.1998); *Smith v. Angelone*, 111 F.3d 1126, 1130-31 (4th Cir. 1997); *United States v. Levi*, 111 F.3d 955, 956 (D.C. Cir. 1997); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996).

2253(c)(2). The court found that the defendant had not shown ineffective assistance of counsel. Under the facts of this case, reasonable jurists could not differ on the potential merit of his claim. However, the court finds that there is no indication that the defendant's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915, and the court will not so certify. Accordingly,

IT IS ORDERED:

1. The court finds the defendant's motion for reconsideration or a certificate of appealability (Filing No. 93) is denied.

2. The defendant's motion for leave to appeal in forma pauperis (Filing No. 92) is granted.

DATED this 27th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge